THOS. WALDEN, ETC., *v.* ANDREW HUMPHREYS.

**Judicial Sales—Non-residents—Constructively Summoned.**
When a defendant constructively summoned has not been kept away by unavoidable accident or casualty, and no fraud or misconduct on the part of the plaintiff is shown, a judicial sale will not be set aside upon the mere ground that the property did not sell for its full value. If this should be done, it would soon become impossible to enforce judgments rendered in such cases.

**Judgments—Non-resident—Revivor—Valid Defense.**
Actions against parties constructively summoned may be revived within five years after judgment, provided such parties have a valid defense to present.

APPEAL FROM HARRISON CIRCUIT COURT.

December 6, 1871.

OPINION BY JUDGE LINDSAY:

We do not deem it necessary to determine whether or not the action of the court confirming a sale made in pursuance to its own decree, constitute such a judgment, as is contemplated by section 245 of the Civil Code.

In the settlement of this litigation it may be conceded that it is, still we are of opinion that the court erred in its final order setting aside such order of confirmation and ordering a re-sale of the property. Actions against parties constructively summoned may within five years after judgment be revived, provided such parties have a valid defense to present.

The only defense appellee attempts to make to the motion for the confirmation of the commissioners sale is that the property sold for an inadequate price. It is not shown that the appellee was kept away by unavoidable accident or casualty, but it clearly appears that his absence was voluntary. No fraud or misconduct upon the part of appellants is shown or attempted to be shown.

The evidence does not satisfy us that this bid for the land was grossly inadequate. Upon this question the evidence is conflicting. If judicial sales are to be set aside in cases of constructive service upon the mere ground that the property did not sell for its full value, it will soon become impossible to enforce judgments rendered in such cases.

The interests of both the plaintiffs and defendants to such actions demand, that these sales shall be upheld, unless the purchaser has been guilty of some misconduct, or the price given is so grossly inadequate as to render it unconscientious for him to retain the property.

Judgment reversed and cause remanded with instructions to dismiss appellees answer and cross petition, and to make such orders as are necessary to quiet the title of the appellants to the lands purchased under this judgment.

*J. S. Boyd, for appellant.*

*J. L. Griffith, for appellee.*